UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Albert J. Teusch,                                    Case File No._____

         Plaintiff,

    v.                                                  **COMPLAINT**

Soo Line Railroad Company                          (JURY TRIAL DEMANDED)
d/b/a Canadian Pacific,

         Defendant.

Plaintiff Albert J. Teusch (hereinafter "Teusch" or "Plaintiff") by his attorneys Nichols Kaster, PLLP, brings this action for damages and other legal and equitable relief, stating as follows his complaint against Defendant Soo Line Railroad Company doing business as Canadian Pacific (hereinafter "Defendant" or "Canadian Pacific"):

## <u>PARTIES</u>

1.      Plaintiff is a natural person residing in Mounds View, Minnesota.  He is an honorably discharged veteran of the United States Navy.  He was employed by Defendant for twenty years.

2.      Defendant is a domestic corporation with its principal place of business in Minneapolis, Minnesota.  Defendant is a railroad carrier and is engaged in the operation of a system of railways as a common carrier of freight for hire between various stats of the United States, and is engaged in interstate commerce by railroad.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges

that Defendant violated the Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.*

("ADA").

4.      Venue is proper under 28 U.S.C. § 1391 because the unlawful practices

described herein were committed in the District of Minnesota.

## FACTUAL ALLEGATIONS

5.      Defendant employed Teusch for twenty years, from February 1992 until

April 30, 2012 when he was terminated.

6.      In or around 2000, Plaintiff was diagnosed with a psychological disability

that can impact his ability to discern reality and react appropriately.

7.      From 2007 until January 2011, Teusch was employed by Defendant as a

problem resolution specialist with progressively increasing responsibility.

8.      From April 2011 – when he passed the qualifying test after approximately

four months of training – until his termination, Teusch was employed by Defendant as a

collections specialist.   In his position as a collections specialist, Teusch reported to

Manager of Revenue Accounting Christy Marier ("Marier").

9.      On or about December 27, 2011, Marier and Director Mark Swenson sent

Teusch a letter vaguely asserting that Defendant was "concerned about him" and that he

would need to be "cleared through Lea Ann Sheriff at Health Services before returning to

work."

10.     On or about January 9, 2012, Defendant placed Teusch on FMLA leave and required him to submit medical information related to his health condition.

11.     On January 19, 2012, Plaintiff's doctor at the VA Medical Center filled out a Health Status Report, which stated that he had suffered from a delusional disorder since 2000, was under treatment for such disorder, and cleared him to return to work with the following proposed accommodations:

> If possible, change desk location to quieter spot with [decreased] contact with coworkers with whom has conflictual relationship. Allow option of additional 5-10 minute breaks if overwhelmed not to exceed 4 / day.

(emphasis in original.)   Plaintiff's doctor stated that these proposed accommodations were temporary and would be revaluated one month later, on February 22, 2012.

12.     On January 23, 2012, Defendant responded to the letter from Teusch's doctor. It stated, "Dr. Janiga, our Chief Medical Officer, has reviewed this information and is not approving your return to work until we receive office notes from your 1/18/12 office visit."

13.     On February 7, 2012, Sheriff communicated Teusch's request for accommodation to Marier. Marier responded in a one-sentence email, stating, "We cannot accommodate the below restrictions." Marier never followed up with Teusch regarding the proposed restrictions, never offered him any accommodation whatsoever, and failed to engage in an interactive process regarding what accommodations could be provided to Teusch.

14.     On or about February 8, 2012, Defendant sent Teusch a letter rejecting his request for accommodation. The letter provided no justification for Defendant's refusal

3

to grant Teusch a reasonable accommodation.  No employee of Defendant offered Teusch any accommodation nor engaged in any interactive process regarding what accommodations could be provided to Teusch.

15.     On or about February 21, 2012 Teusch filed an EEOC Charge against Defendant, alleging disability discrimination in violation of the ADA.  The charge was cross-filed with the Minnesota Department of Human Rights ("MDHR").

16.     On February 27, 2012, without explanation, Defendant cleared Teusch to return to work.  Defendant informed Teusch to return to work by leaving him a voicemail.

17.     The day after clearing him to return to work, Defendant sent Teusch a notice of a formal investigation, which would be held by Defendant.  Defendant's stated purpose for the investigation was to determine responsibility "in connection with [Teusch's] alleged inappropriate behavior, which could be considered as threatening and potentially violent, including but not limited to behavior evidenced December 23, 2011."

18.     On March 1, 2012, Teusch amended his EEOC Charge.

19.     Defendant conducted the investigation of Teusch on March 26, 2012.

20.     On April 30, 2012, Defendant sent Teusch a letter stating that the investigation had "confirmed his responsibility as charged" and terminating his employment.  Contrary to Defendant's representation, the investigation did not confirm Teusch's responsibility for the alleged misconduct.  The investigation was also biased against Teusch.

21.     On January 2, 2015, the EEOC determined that

4

[T]here is reasonable cause to believe that the charging party was discriminated against on the basis of his disability when [Defendant] removed him from service and required him to undergo a medical exam, denied reasonable accommodations, and terminated his employment.

22.      The EEOC mailed Teusch a Notice of Right to Sue ("Notice") on April 9, 2015.  The Notice provided that Teusch must bring suit within ninety days of his receipt of the notice.[1]

## CAUSES OF ACTION

## COUNT I

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA
## 42 U.S.C. § 12112

23.      Plaintiff hereby incorporates the foregoing paragraphs by reference.

24.      Plaintiff is disabled within the meaning of the ADA.

25.      Plaintiff is a qualified individual under the ADA.

26.      Defendant subjected Plaintiff to adverse employment actions because of his disability including, without limitation, subjecting him to an illegal medical exam, removing him service and terminating his employment.

27.      Although Plaintiff is a qualified individual with a disability, Defendant refused to provide Plaintiff with reasonable accommodations and refused to engage in the interactive process.

28.      As the result of Defendant's violations of the ADA, Plaintiff is entitled to all damages available under the ADA including, without limitation, compensatory

---

[1] Plaintiff plans to amend his Complaint to bring claims under the Minnesota Human Rights Act once he receives a Notice of a Right to Sue from the MDHR.

5

damages for emotional distress and mental suffering, lost wages and benefits, and recovery of his attorney's fees and costs expended in pursuit of his legal rights in this matter.

29.     Defendant committed the above-alleged acts with reckless or deliberate disregard for the rights and safety of Plaintiff.  As a result therein, Plaintiff is entitled to punitive damages.

**COUNT II**

**RETALIATION IN VIOLATION OF THE ADA**

**42 U.S.C § 12203**

30.     Plaintiff hereby incorporates the foregoing paragraphs by reference.

31.     Plaintiff engaged in protected conduct under the ADA by, among other things, filing a Charge of Discrimination with the EEOC alleging violations of the ADA and requesting a reasonable accommodation.

32.     Defendant retaliated against Plaintiff because he engaged in protected conduct under the ADA.

33.     Defendant subjected Plaintiff to adverse employment actions including, without limitation, subjecting him to an illegal medical exam, removing him from service and terminating his employment.

34.     As the result of Defendant's violations of the ADA, Plaintiff is entitled to all damages available under the ADA including, without limitation, compensatory damages for emotional distress and mental suffering, lost wages and benefits, and

recovery of his attorney's fees and costs expended in pursuit of his legal rights in this matter.

35.     Defendant committed the above-alleged acts with reckless or deliberate disregard for the rights and safety of Plaintiff.  As a result therein, Plaintiff is entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1.     For an award of damages arising from past and future loss of income, benefits, emotional distress and other damages in excess of $75,000;

2.     For Plaintiff's costs, disbursements and attorneys' fees pursuant to law;

3.     For all relief available under the Americans With Disabilities Act, including punitive damages;

4.     For leave to amend the complaint to assert claims under the MHRA;

5.     For such other and further relief available by statute; and

6.     For such other and further relief as the Court deems just and equitable.


Dated:     July 7, 2015                    **NICHOLS KASTER, PLLP**


                                           *s/David E. Schlesinger*
                                           David E. Schlesinger (#0387009)
                                               schlesinger@nka.com
                                           Jason Hungerford (#0395908)
                                               jhungerford@nka.com
                                           80 South Eighth Street
                                           4600 IDS Center
                                           Minneapolis, Minnesota 55402-2242

Telephone: (612) 256-3200

**ATTORNEYS FOR PLAINTIFF**